■ FRANK McCLOSKY et al., Respondents-Appellants, v. LONG ISLAND HOCKEY CLUB, INC., et al., Defendants, and GEORGE A. HAMID CIRCUS COMPANY, INC., et al., Appellants-Respondents.— In an action for an injunction, a declaratory judgment and other relief, defendants George A. Hamid Circus Company, Inc. and George A. Hamid, Sr. appeal from so much of an order of the Supreme Court, Suffolk County, dated February 19, 1970, as granted plaintiffs' motion to dismiss the counterclaim of defendant George A. Hamid Circus Company, Inc., to the extent that it exceeded $25,000 in alleged damages; and plaintiffs cross-appeal from so much of the order as (1) denied their motion to dismiss said counterclaim as to the alleged damages up to $25,000 and (2) granted said defendants' cross motion to terminate their examinations before trial by plaintiffs and to set a date for the examination of plaintiffs by said defendants. Order modified, by striking therefrom the first and second decretal paragraphs, which determined plaintiffs' motion, and substituting therefor the following: "ORDERED that plaintiffs' motion to dismiss the $100,000 counterclaim of the corporate defendant George A. Hamid Circus Company, Inc. is denied." As so modified, order affirmed, with $10 costs and disbursements to appellant George A. Hamid Circus Company, Inc. Plaintiffs' motion to dismiss the $100,000 counterclaim of defendant George A. Hamid Circus Company, Inc., was based on a contention that said defendant had failed to comply with three prior court orders relating to its examination before trial taken by plaintiffs. In our opinion, the record indicates that defendants Hamid have supplied, to the best of their knowledge under the circumstances, detailed information concerning the components of the counterclaim and, consequently, neither the counterclaim nor any part thereof should have been dismissed under CPLR 3126 for a willful failure to obey an order for disclosure. Indeed Special Term, in dismissing the counterclaim to the extent of $75,000 thereof, did not base its decision upon any willful failure of defendants Hamid to disclose, but rather on the ground that said corporate defendant had not used a proper yardstick in measuring its damages as to the $75,000 portion of the counterclaim. In our opinion, the dismissal by Special Term constituted error. The counterclaim, as pleaded, states a cause of action. The question of damages is a matter to be determined at the trial and cannot serve at this stage of the case, in any manner, as a basis for dismissing the counterclaim on the merits. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.