■ CAPITOL HILL TWIN TOWERS CORPORATION, Appellant, v. APCOA DIVISION, ITT CONSUMER SERVICES CORPORATION, Respondent.— Appeal from so much of an order of the Supreme Court at Special Term, entered October 30, 1973 in Albany County, as granted defendant's motion for a protective order pursuant to CPLR 3103 striking certain items from plaintiff's notice to take deposition. Plaintiff leased its garage to defendant and now seeks discovery of the latter's records concerning the maintenance and operation of the facility, including complaints received from others in relation thereto, in a proceeding to evict this tenant and have it account for unpaid rents. Defendant sought and obtained a protective order from disclosing such information, claiming it was not "material and necessary" (cf. CPLR 3101, subd. [a]). Despite the liberality of construction attending such language with the test being "one of usefulness and reason" (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406), it is equally clear that the trial court has been given broad discretion to control the matters into which one may inquire (CPLR 3103, subd. [a]; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3103.01). On this record plaintiff has failed to show any abuse of that discretion. The material sought would, essentially, relate to defendant's efficiency of operation. The unspecific nature of that request could well have been regarded as paving the way to an unreasonable and annoying examination of defendant's books and records. Order affirmed, with costs. Staley, Jr., J. P., Sweeney and Kane, JJ., concur; Greenblott and Reynolds, JJ., dissent and vote to reverse in the following memorandum by Greenblott, J. Greenblott, J. (dissenting) : We dissent and vote to reverse. In our opinion, the trial court erred in making a determination on the merits of the question of whether there were in fact any express or implied covenants in the lease to operate a motor vehicle parking facility in any particular manner. In cases where rental is based upon a percentage of receipts, a question of fact usually exists as to whether any percentage above a *minimum* rental is a mere bonus or reflects the understanding of the parties that such percentage significantly reflects the true rental value of the demised permises (see Tuttle v. Grant Co., 5 A D 2d 370). In the present lease there was no minimum rental provided for during so much of the first year of operation during which the Twin Towers Office Building was not 80% occupied, and there was a further provision obligating the lessee to accept additional garage space under certain circumstances. In our view, these factors at least tend to raise an issue of fact as to whether or not there could be implied a covenant by the lessee to operate the garage in a manner best intended to maximize receipts and thus rentals. Pending the determination of this factual question at trial, it would seem appropriate at this preliminary stage to permit plaintiff to seek discovery with regard to evidence which may bear upon the question of whether or not the tenant committed a breach of such covenant.