Howard T. Hogan, J.
Pursuant to subdivision 2 of section 716 of the Real Property Tax Law petitioners now seek an order requiring respondent to pay the reasonable expenses incurred in making proof of the percentage of full value at which other real property was assessed in Nassau County during the tax years in issue, including the reasonable fees of experts and attorneys.
Respondent initially cross-moved to dismiss petitioner’s motion on the ground that their appeal to the Appellate Division from the interlocutory judgments establishing the equalization rates automatically stayed all proceedings including the related but separate proceeding to establish costs under subdivision 2 of section 716 of the Real Property Tax Law. Prior to any decision on this motion, this court was stayed by an order of the Appellate Division dated September 12, 1975, secured by the respondent. On October 6, 1975, the Appellate Division vacated all stays relative to the motion to fix costs under subdivision 2 of section 716 of the Real Property Tax Law and directed this court to proceed forthwith. Accordingly, the *14 respondent’s cross motion is denied and the court will, at last, proceed to petitioner’s motion on the merits, which was first returnable on August 25, 1975.
Respondent contends the application for costs should await the ultimate resolution of the issue of ratio by the appellate courts. Simply stated, the county counsels delay. Respondent further contends that under the facts herein, petitioners are not automatically entitled to reasonable expenses but rather their entitlement lies within the discretion of the court. In addition, respondent contends that subdivision 2 of section 716 of the Real Property Tax Law is unconstitutional because its result is to underwrite or guarantee private litigation at the expense of the general public and because it denies a municipality the right to get costs for a successful defense of its assessment roll. The respondent would also have us believe that subdivision 2 of section 716 was never intended to apply to a taxing district which establishes its own rates and is ready and willing to stipulate to those rates.
Finally, respondent contends that, if the court were to grant the motion, a hearing must be held to inquire into the specifics and reasonableness of petitioners’ alleged costs, fees and expenses. In this regard, respondent seeks examinations before triál of 18 entities comprising petitioners’ attorneys and experts. They seek the production of contracts, retainer agreements, original diaries, time sheets, records of telephone calls, verification of all disbursements and reams of letters and memoranda.
With respect to respondent’s contention that the application for costs awaits the ultimate resolution of the ratio issue by the appellate courts, we note this is a separate but parallel proceeding independent of the action to establish ratios. Any resulting judgment herein is reviewable through the appellate process. No compelling reasons have been presented by respondent to warrant holding this matter in abeyance. In fact, further delay at this time would be detrimental not only to the petitioners but to the respondent as well.
Respondent’s contention concerning petitioners’ entitlement to expenses is as follows: If the court finds that there was not good and sufficient reason for respondent’s denial of petitioners’ demand for admission of the percentage of full value at which other real property is assessed in the tax district, demand to admit ratio, costs and expenses under subdivision 2 of section 716 of the Real Property Tax Law are mandated *15 irrespective of the results of the proceeding to establish what the ratio actually is. If respondent’s denial of the demand to admit , ratio was based upon good and sufficient reason, petitioners’ entitlement to costs and expenses lies within the discretion of the court.
We do not agree with the respondent’s interpretation of subdivision 2 of section 716 of the Real Property Tax Law. Research disclosed no case law or legislative intent which can aid the court especially in attempting to decipher the last sentence of subdivision 2 of the section. That sentence reads: "Unless the court finds that there was good and sufficient reason for the respondent’s denial, the order shall be made irrespective of the results of the proceeding.”
This language is poorly drafted and is open to many interpretations. We find the statute to mean that:
(1) The petitioner is entitled to costs and expenses if the respondent’s denial of the demand to admit ratio is unreasonable.
(2) The petitioner is entitled to expenses if he proves the ratio demanded.
(3) The petitioner is not entitled to expenses if he does not prove the ratio contained on his demand to admit and if respondent’s rejection of the demand were based on good and sufficient reason.
In the case at bar, petitioners were successful. They are entitled to their reasonable expenses.
Respondent urges that since the petitioners represent a minute segment of taxpayers any award of costs in excess of $500,000 would ultimately be borne by the nonprotesting taxpayers of the county. We find this argument to be completely devoid of merit. Next, respondent says that should the motion be granted, such action would implicitly be a finding of bad faith by the respondent. In view of our finding above, this circular reasoning by the respondent merits no further comment. Nor do we find subdivision 2 of section 716 of the Real Property Tax Law to be onerous, unreasonable or punitive. It is a statutory scheme designed to alleviate the expensive and onerous burden placed upon taxpayers who are put to the task of proving that their property is unequally assessed.
We now turn to respondent’s contentions that the statute is unconstitutional because it is an attempt to underwrite or guarantee private litigation at the expense of the general *16 public; it denies the municipality the right to get costs, if successful, and it was never intended to apply to a municipality like Nassau County which establishes its own equalization rate and is always willing to stipulate such rate in any inequality proceeding. We find these arguments to be completely devoid of merit. The respondent objects merely because of the magnitude of the costs and expenses but that reason is insufficient to sustain its position that the statute is unconstitutional.
Ordinarily, a court will not pass upon a constitutional question in the construction of statutes and every presumption exists in favor of validity (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150). Subdivision 2 of section 716 of the Real Property Tax Law is not in conflict with the Constitutions of either New York State or the United States, nor has respondent sustained its burden of showing that the section is arbitrary or confiscatory.
The final issue raised by the respondent concerns the need for a hearing to inquire into petitioners’ specifics relative to expenses and the need for respondent to conduct extensive and time consuming pretrial disclosure. The court agrees that the magnitude of the expenses claimed requires that a full and complete hearing be had so that the petitioners shall have the opportunity to present their proof and that the respondent have adequate opportunity to cross-examine. However, the respondent’s request for disclosure involving the examination of 18 individual attorneys,, experts and their firms and the production of literally tons of documents, including original diaries and time records, borders upon the ridiculous. It is nothing more than a further delaying tactic which has been the hallmark of this litigation for the past three years.
Disclosure procedures are a means to advance the function of a trial to ascertain truth and to accelerate the disposition of suits (Rios v Donovan, 21 AD2d 409). CPLR article 31 allows for full disclosure of evidence that is material and necessary (CPLR 3101, subd [a]). The test is one of usefulness and reason (Allen v Crowell-Collier Pub. Co., 21 NY2d 403).
Examinations before trial are a useful procedure in the preparation and the expedition of a trial but although article 31 should be liberally construed, it is clear that trial courts are given broad discretion to control the matters into which one may inquire (Capitol Hill Twin Towers Corp. v Apcoa Div., ITT Consumer Servs. Corp., 45 AD2d 777). CPLR 3103 *17 (subd [a]) permits the court to issue protective orders on its own initiative to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts”. We will not sanction a fishing expedition for that is precisely what respondent’s request for disclosure constitutes. The court, in its discretion, denies respondent’s request for disclosure of the magnitude requested herein.
Accordingly, the petitioners’ motion is granted to the extent that a hearing must be held to determine the extent of the expenses to which they are entitled. The respondent’s requests are denied. The hearing shall be set down for November 10, 1975, and will continue each day thereafter until concluded.