■ DAVID V. PETRAGLIA, Appellant, v MICHAEL N. LAIACONA et al., Respondents. — Order unanimously affirmed, without costs, and without prejudice to service of a proper notice to produce. Memorandum: Special Term in the exercise of its discretion properly vacated plaintiff's notice to produce (*Matter of U. S. Pioneer Electronics Corp.* [*Nikko Elec. Corp. of Amer.*], 47 NY2d 914). CPLR 3120 provides for discovery and inspection of any specifically designated documents or anything within a party's possession or control if specified with reasonable particularity in the notice. The trial court has been vested with broad discretion to control the matters into which one may inquire (CPLR 3103, subd [a]; *Capitol Hill Twin Towers Corp. v Apcoa Div., ITT Consumer Servs. Corp.,* 45 AD2d 777). This notice to produce is too broad and burdensome. No party and no court should be required to undertake the task of pruning such a notice to manageable proportions (*Butler v District Council 37, Amer. Federation of State, County & Municipal Employees, AFL-CIO,* 72 AD2d 720). Defendants have provided ample opportunity for liberal inspection and discovery of corporate records. Oral depositions have been completed. Under these circumstances there is no valid justification for such an all-encompassing

notice. Should plaintiff require further discovery to ascertain the existence of appropriate records and documents, the notice to produce should be stated with proper specificity (*City of New York v Friedberg,* 62 AD2d 407). (Appeal from order of Supreme Court, Monroe County, Tillman, J. — protective order.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.