■ J. ARTHUR TORIAN et al., Respondents, v MILES E. LEWIS et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Kahn,

J.), entered December 10, 1981 in Rensselaer County, which limited proof of plaintiff J. Arthur Torian's claim for loss of income to the personal and professional corporation tax returns produced by him at his deposition on June 4, 1981 and permitted defendants to conduct a further deposition of plaintiff within 20 days after service of the order with notice of entry. Plaintiff, a physician, brought a personal injury action as a result of an automobile accident which occurred on March 10, 1976. Before the accident, plaintiff derived income from his office practice, a visiting practice at a nursing home, and service as an assistant surgeon. In his bill of particulars, plaintiff claimed that, as a result of his injuries, he had suffered loss of income in that he no longer could continue his practice as a visiting doctor at the nursing home or act as a surgical assistant. Defendant then demanded that at a scheduled deposition plaintiff produce his income tax records, business diaries, appointment books and records, profit and loss statements, and all other books, papers and records kept in the usual course of business, for the years 1973 to 1978. At the deposition, however, plaintiff produced no documents and thereafter moved for a protective order to limit disclosure. Defendant cross-moved for an order directing plaintiff to produce all the requested records. On July 14, 1980, an order of Special Term (Conway, J.) denied the protective order and ordered plaintiff to produce the previously requested tax and business records for the six-year period, after first deleting the patients' names and details of their treatment from the business records, at a further deposition. This deposition took place on June 4, 1981. This time plaintiff produced his personal and professional corporation's income tax returns, but no business records, claiming that he did not keep business diaries or appointment books beyond their year of use and that the other requested items did not exist. He stated that he kept individual patient file folders, which contained patients' names, treatments, and dates of treatment. Defendants moved for an order either compelling plaintiff to comply fully with Special Term's order to produce records or striking the complaint and dismissing the action. In a decision dated October 28, 1981, Special Term found that plaintiff had produced all of the documents in existence relating to his alleged loss of income; he limited plaintiff in his proof of loss of income upon the trial to those items which had already been produced, and permitted a further deposition of plaintiff within 20 days after service of the order with notice of entry. Defendant has appealed from this order, contending that the court abused its discretion in restricting the sanction for plaintiff's nondisclosure to an unconditional order of preclusion. In determining this motion, Special Term accepted plaintiff's representation that he had produced all existing requested records and thus had complied to the extent possible with the prior order, and this determination of credibility is beyond our power of review. Furthermore, although plaintiff stated that he did have individual patient file folders which, along with the patient's name and treatment, contained treatment dates, to produce all of these patient files for a period of six years would have been an enormous burden. It is certainly within the court's discretion to limit disclosure where, as here, it would be unduly burdensome. Defendants contend that the purpose of their seeking these records is to determine whether plaintiff has mitigated his damages by increasing his office practice to make up for his loss of the nursing home and surgical assistant sources of income. However, plaintiff's personal and professional corporation income tax records were produced and would, of course, reflect any increase in plaintiff's income from his office practice. Defendants have made no showing that they would not do so. The court has broad discretion in supervising disclosure and in fashioning just remedies concerning failure to comply with a discovery order (*Capitol Hill Twin Towers Corp. v*

*Apcoa Div., ITT Consumer Servs. Corp.,* 45 AD2d 777; *Baker v General Mills Fun Group,* 101 Misc 2d 193, 197; see CPLR 3126). The instant order was well within such discretion. Order affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.