■ JACQUELINE FLEMING, an Infant, by Her Mother and Natural Guardian, JOAN FLEMING, Respondent, v CHRIS CRAFT INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Respondent. ALDRICH BOATYARD, Third-Party Defendant-Appellant. — Orders of the Supreme Court, New York County (B. Sherman, J.), both entered June 24, 1983, which, *inter alia,* denied third-party defendant Aldrich Boatyard's motion for a physical examination of the plaintiff by a physician of its choice, unanimously modified, on the law and facts and in the exercise of discretion, to provide that plaintiff Jacqueline Fleming shall

appear for a physical examination before a physician of Aldrich's choice at a time convenient to the parties, said examination to be limited to the damages and disabilities claimed in plaintiff's supplemental bill of particulars, and as so modified, otherwise affirmed, without costs. The injuries claimed in the supplemental bill of particulars by plaintiff relate to the possibility of the amputation of the right leg of the infant plaintiff who has already sustained an amputation of her left leg below the knee. CPLR 3043 (subd [b]) provides that, upon service of a supplemental bill of particulars, with respect to claims of continuing special damages and disabilities, "the other party shall * * * be entitled to newly exercise any and all rights of discovery but only with respect to such continuing special damages and disabilities." CPLR 1008 provides that: "The third-party defendant shall have the rights of a party adverse to the other parties in the action". Aldrich Boatyard as third-party defendant should not be relegated to reliance upon the choice of defendant and third-party plaintiff Chris Craft Industries, Inc., as to a medical expert to conduct a physical examination. In addition, Special Term limited the examination granted to third-party plaintiff only to "the right leg." While the examination *should* be limited only to the continuing special damages and disabilities claimed in the supplemental bill, this limitation herein was unnecessarily severe. Third-party defendant's medical expert is a vascular surgeon. In order to properly evaluate the claim in the supplemental bill that vascular problems in the right leg of plaintiff may necessitate an amputation, a broader physical examination may well be necessary. Concur — Ross, Carro, Asch, Milonas and Kassal, JJ.