■ KENNETH E. NITZ, Respondent, v PRUDENTIAL-BACHE SECURITIES, INC., Appellant. — Appeal from that part of an order of the Supreme Court at Special Term (Kahn, J), entered September 7, 1983 in Rensselaer County, which granted plaintiff's motion for a protective order striking certain items from defendant's notice to take deposition, notice for discovery and inspection, and demand for authorizations. ¶ Plaintiff commenced the instant action to

recover money damages based upon the purchase of gold and silver commodities traded on the New York Commodity Exchange on February 23 and 24, 1983. On those dates, defendant sold to plaintiff four gold contracts and four silver contracts having a total value of approximately $467,300. The complaint sets forth five causes of action alleging that defendant breached a fiduciary duty to plaintiff by failing to adhere to suitability requirements attendant commodity transactions, and by negligence and mismanagement of his account. Both parties agree that a broker is obligated to ensure that a commodity transaction is suited to an individual investor's investment experience, objectives and financial status, and that the investor is capable of evaluating and bearing the financial risk of the transactions. Essentially, it is this obligation that plaintiff contends was breached. ¶ After joinder of issue, defendant served a notice to take deposition upon oral examination, notice for discovery and inspection, and a demand for authorization to obtain financial records, each seeking information and records pertaining to plaintiff's experience in stocks, bonds, options, commodities and any other securities. Plaintiff acknowledged defendant's rights to discover all records concerning any commodity transactions, but moved for a protective order to strike defendant's demands for information related to other securities. In his supporting papers, plaintiff stated that while he put into issue his lack of sophistication in the field of commodities, such investments were distinct from security investments and any information regarding the latter would be immaterial. In opposition, defendant asserted that plaintiff put into issue his sophistication with regard to financial matters in general, and as such, any securities transactions in which plaintiff previously engaged would be relevant. Special Term granted plaintiff's motion to the extent of limiting all disclosure requests to plaintiff's commodities investments. ¶ On this appeal, defendant argues that any information relating to plaintiff's over-all market experience would be relevant since plaintiff has placed his financial skill into issue. CPLR 3101 (subd [a]) provides for "full disclosure of all evidence material and necessary in the prosecution or defense of an action", and this provision is accorded a liberal interpretation in favor of disclosure (*Goldberg v Blue Cross*, 81 AD2d 995). Equally clear is the principle that trial courts are vested with broad discretion in supervising disclosure (*Swiers v P & C Food Markets*, 95 AD2d 881, 882; *Torian v Lewis*, 90 AD2d 600, 601; *Capitol Hill Twin Towers Corp. v Apcoa Div., ITT Consumer Servs. Corp.*, 45 AD2d 777). A review of the complaint demonstrates that plaintiff asserted his lack of financial sophistication only in the arena of commodities, not securities in general. It is further clear that commodities trading involves an investment expertise and risk markedly different from other types of investments. Unless it clearly appears that Special Term abused its discretion, we should not disturb its finding. On this record, we cannot say that a clear abuse exists. The securities material sought was basically overexpansive and not sufficiently related to the transactions in issue. Accordingly, the order should be affirmed. ¶ Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.