■ RICHARD DUNSMORE et al., Respondents, v MAURICE S. PAPRIN et al., Defendants. MAURICE S. PAPRIN, Doing Business as ALBANY STREET BUILDERS VENTURE CO., et al., Third-Party Plaintiffs, v PAR PLUMBING CO., INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, etc., third-party defendant Par Plumbing Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated August 21, 1984, as, upon granting reargument and renewal, adhered to its original determination denying that branch of a motion brought by appellant which sought an examination before trial of plaintiff Joanne Dunsmore.

Order affirmed, insofar as appealed from, with costs.

In this negligence action, plaintiff Richard Dunsmore seeks to recover damages for personal injuries sustained during an accident at a construction site and his wife Joanne Dunsmore seeks to recover for loss of consortium. The accident took place on June 30, 1981, the main action was commenced in November of 1981 and a third-party action was commenced in March of 1982. Appellant served an omnibus notice of deposition in July 1982, but no examination took place until plaintiffs' motion to place the case on the Trial Calendar was granted on November 19, 1983 and examinations before trial of all parties were ordered to commence on November 28,

1983. Plaintiff Richard Dunsmore was examined on January 24, 1984 and appellant indicated that it had no desire to examine Joanne Dunsmore at that time, as she was not a witness to the accident, although it might want to do so at a later date. No attempt was made to schedule such a deposition despite the fact that plaintiffs' motion to place the case on the Trial Calendar had been granted, and it was not until plaintiffs filed a note of issue and statement of readiness in March 1984 that appellant indicated a desire to conduct an examination of Mrs. Dunsmore.

It is beyond dispute that Special Term has broad discretion in supervising disclosure *(see, e.g., Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915; *Torian v Lewis,* 90 AD2d 600, 601). Under the circumstances of this case, Special Term did not abuse its discretion in rejecting appellant's dilatory efforts to conduct an examination of Mrs. Dunsmore. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.