■ WEEKS OFFICE PRODUCTS, INC., Respondent, v CHEMICAL BANK, Appellant, et al., Defendants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered June 19, 1990, granting plaintiff's motion for a protective order, pursuant to CPLR 3103, to the extent of directing that it answer only interrogatories 8-12 and 22-46 of defendant Chemical's second set of interrogatories and respond to items numbers 4 and 5 of defendant Chemical's second request for the production of documents, unanimously affirmed, with costs.

Chemical has not demonstrated that the IAS court abused its discretion in granting a protective order *(Nitz v Prudential-Bache Sec.,* 102 AD2d 914). Notwithstanding the fact that Chemical's defense may be based, in part, on plaintiff's failure to have inspected bank statements and given notice of embez-

zlements, which would thereby limit plaintiff's recovery *(see, Arrow Bldrs. Supply Corp. v Royal Natl. Bank,* 21 NY2d 428), the interrogatories and demand for documents, for which the protective order was granted, do not relate to evidence material or necessary to Chemical's defense. *(Fell v Presbyterian Hosp.,* 98 AD2d 624.) Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Smith, JJ.