■ SUSANNE KAUDERER, Respondent, et al., Plaintiff, v NESAN MESTMAN, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: On September 7, 1989, Supreme Court granted defendant's motion for orthopedic, neurological and dental physical examinations of plaintiff Susanne Kauderer. The order directed that the three examinations be held at plaintiff's attorney's office. Thereafter, defendant's dental expert advised defendant's counsel that it would not be possible to perform the examination at the attorney's office because the examination would require use of certain nontransportable equipment.

Defendant moved to renew and reargue the motion only to the extent of seeking an order directing that plaintiff submit to the dental examination at the dentist's office. Supreme Court granted the motion but directed that "[u]pon the plaintiff SUSANNE KAUDERER submitting to the dental examination at the doctor's office, the order of September 7, 1989 is modified to the extent that the defendant's motion for separate orthopedic and neurological physical examinations of the plaintiff is hereby deemed denied".

While the court has broad discretion in supervising disclosure (Dunsmore v Paprin, 114 AD2d 836), we conclude, in the circumstances presented, that it was an abuse of discretion for Supreme Court to modify the order of September 7, 1989 by denying defendant's motion for separate orthopedic and neurological physical examinations. Although such examinations

had already been conducted by third-party defendants' physicians, defendant should not be relegated to reliance upon the medical experts of his adversary *(see, Fleming v Chris Craft Indus.,* 97 AD2d 730; *Mignott v Sears, Roebuck & Co.,* 86 AD2d 794). Moreover, those examinations were conducted without the benefit of plaintiff's medical records and prior to service of plaintiff's supplemental bill of particulars alleging, *inter alia,* additional orthopedic and neurological injuries.

We direct, therefore, that orthopedic and neurological physical examinations of plaintiff be conducted by medical experts of defendant's choice in accordance with the terms of the September 7, 1989 order. (Appeal from Order of Supreme Court, Kings County, Ramirez, J.—Discovery.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.