■ IRA G. INSCOE, JR., an Infant, by IRA G. INSCOE et al., His Parents and Natural Guardians, et al., Respondents, v VASSAR BROTHERS HOSPITAL, Defendant, and THOMAS M. MURRAY, Appellant.—Casey, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Beisner, J.), entered November 16, 1990 in Dutchess County, which, inter alia, unconditionally precluded defendant Thomas M. Murray from

obtaining further discovery, and (2) from an order of said court, entered October 9, 1990 in Dutchess County, which, *inter alia,* denied said defendant's motion for reconsideration.

This medical malpractice action on behalf of the infant plaintiff was commenced by service of process on or about October 10, 1979. The history of the litigation has been long and torturous and the delay unreasonable. When defendant Thomas M. Murray moved on August 5, 1989 to strike plaintiffs' note of issue and certificate of readiness, to compel further deposition and a further physical examination of the infant, Supreme Court held a pretrial conference on January 5, 1990 and issued an order directing, *inter alia,* (1) that the note of issue be vacated and the matter be referred to the appropriate medical malpractice panel, (2) that the certificate of readiness was not vacated, (3) that defendant's application for further bill of particulars be denied, (4) that the infant plaintiff and his parents submit to further pretrial examinations no later than April 1, 1990, (5) that the infant plaintiff submit to a new physical examination no later than July 1, 1990, and (6) that plaintiffs were to provide new medical authorizations within 15 days after defense counsel had advised plaintiff which specific authorizations were required.

The pretrial depositions were twice adjourned by Murray's counsel, who did not advise plaintiffs which authorizations were required. One week before the April 1, 1990 deadline, Murray's counsel served an affirmation of good faith and requested a conference. Following this conference on May 21, 1990, Supreme Court unconditionally precluded Murray from conducting any further disclosure for his failure to comply with the April 1, 1990 deadline. Murray's application for renewal and reargument was denied and plaintiffs were awarded motion costs against Murray in the amount of $100.

It is clear from both the transcript of May 21, 1990 conference and the memorandum decision rendered by Supreme Court on Murray's motion for reconsideration that the earlier preclusion order was based upon the relevant facts and circumstances. Supreme Court has broad discretion in the supervision of disclosure *(e.g., Dunsmore v Paprin,* 114 AD2d 836, 837; *Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915) and we see no abuse of that discretion here.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the orders are affirmed, with costs.