■ ELEANOR KEENAN et al., Respondents, v HARBOR VIEW HEALTH & BEAUTY SPA, INC., Appellant. [613 NYS2d 419] —In an action to recover damages for personal injuries, etc., the defendant appeals from stated portions of an order of the Supreme Court, Kings County (Huttner, J.), dated October 28, 1991, which, *inter alia,* granted the plaintiffs' motion to compel additional disclosure.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the defendant's time to provide additional disclosure is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

The facts underlying this appeal are discussed in the memorandum of our dissenting colleague and need not be recited herein. It suffices to state that a trial court is possessed of broad discretion in supervising discovery *(see, Dunsmore v Paprin,* 114 AD2d 836). Pursuant to CPLR 3101 (f), a party may obtain the contents of any insurance agreement. Moreover, a plaintiff has a right to disclosure of documentation that might lead to the discovery of admissible proof *(see, Crazytown Furniture v Brooklyn Union Gas Co.,* 150 AD2d 420). In light of the dissolution of the corporate defendant, the fact that it had sold off all of its assets, and in light of the defendant's attorney's allegations that there was no liability coverage in place at the time of the accident, clearly the requested disclosure of insurance cancellation documentation was relevant to the very issue of whether this action would even be continued. The record established that the plaintiffs' discovery requests had, in the past, been met with resistance. The destruction of corporate records obviously had a great bearing on the defendant's ability to comply with these requests. However, the court's order that the defendant provide insurance information and any information relevant to the disposition of the dissolved corporation's assets, or affidavits as to the unavailability of the requested documentation, was not an improvident exercise of discretion. Obviously, the court was faced with a troublesome disclosure problem and it attempted

to fashion a remedy that was responsive to the plaintiffs' needs while taking into account the defendant's alleged inability to produce certain documentation that had been destroyed. We do not view the Supreme Court's order as being unduly burdensome, superfluous, or lacking in specificity, and, accordingly, we affirm. Bracken, J. P., Miller, Santucci and Altman, JJ., concur.

Copertino, J., dissents and votes to reverse the order insofar as appealed from, as a matter of discretion, to deny the plaintiffs' motion, and to grant so much of the defendant's motion as sought to strike further disclosure demands, with the following memorandum: While I recognize that the Supreme Court has broad discretion in supervising disclosure (see, CPLR 3126; *Dunsmore v Paprin,* 114 AD2d 836), I must conclude that the court improvidently exercised its discretion in this case.

This action arose after the plaintiff Eleanor Keenan was allegedly injured in 1985 on premises owned by the defendant corporation. The record indicates that the Supreme Court issued a preliminary conference order on June 13, 1989, providing, *inter alia,* that plaintiffs be advised within 30 days if insurance coverage was not furnished. The order further directed the production of medical and hospital authorizations within 30 days.

In or about January 1990 the plaintiffs served a demand for discovery and inspection requesting disclosure, *inter alia,* of "[a] statement of all applicable policies of insurance, including, excess coverage, and policy limits had by defendant, and its agents, which may be liable to satisfy part or all of a judgment entered in the action regarding the occurrence which is stated in the complaint". Thereafter by motion returnable March 14, 1990, the plaintiffs moved to strike defendant's answer. It is not clear from the record what the basis of the motion was.

Counsel for the defendant then moved by motion returnable March 28, 1990, for permission to withdraw as counsel. In a supporting affirmation, counsel stated that he learned on March 8, 1990, that the defendant corporation had filed a certificate of dissolution in January 1989 that the real property which was the principal asset of the corporation had been sold, and that the defendant did not have liability insurance at the time of the accident. Thus, counsel found himself without a client or fees to continue representation. Counsel's motion to withdraw was denied on May 15, 1990, apparently due to the defendant's nonappearance on the return date.

Counsel for the defendant then filed an affirmation, apparently in opposition to the plaintiffs' motion to strike the defendant's answer, in which counsel indicated that he had obtained the cooperation of the defendant's former president, who agreed to appear for deposition on June 13, 1990. Counsel further indicated that he was attempting to cooperate with the plaintiffs in all respects, and requested that the plaintiffs' motion be adjourned to June 13, 1990, or that the court issue a conditional order permitting the defendant to comply with the preliminary conference order by appearing at the deposition scheduled for June 13, 1990. It is not clear from the record how the plaintiffs' motion to strike was resolved. However, counsel for the defendant indicated that the completion of the deposition on June 13, 1990, would render the plaintiffs' application moot.

At the deposition in June 1990 the president of the corporation stated that the corporate records, which had been stored in the basement of the premises, were destroyed in a fire which consumed the entire building. Counsel for the plaintiffs orally requested the production of "any documents maintained by counsel regarding the cancellation of insurance, the broker for obtaining insurance, and any information regarding the coverage status of insurance coverage at the time of this incident for [defendant]". Counsel also requested that "all insurance information regarding any insurance brokers dealt with by [defendant] be provided". Counsel for the defendant indicated at the deposition that defendant would provide the requested documentation to "[w]hatever extent it's available".

At the same deposition, the plaintiffs also requested authorizations for the release of any documents filed by the defendant with the State of New York regarding licensing by the New York State Department of Health or any other agencies, the defendant's corporate tax returns, and all corporate banking records as well as those of its president. Counsel for defendant agreed to take these requests "under advisement".

In a letter dated July 16, 1990, counsel for the plaintiffs requested that the defendant produce all of the above documents, as well as an authorization for the release of any records pertaining to liability insurance in the possession of the defendant's prior counsel. In an order dated July 31, 1990, entered on the defendant's consent, the Supreme Court directed the defendant to "turn over any and all documentation and/or records relating to any liability insurance in effect at the time of the accident, including the name of the insurance company, policy number, limits of liability, the name and

address of any broker who placed insurance on these premises and copies of any cancellations of any liability policy". In response, the defendant produced copies of a premium finance agreement and a request for reinstatement, both of which indicate the policy number, the insurance company, and the broker.

In a letter dated October 10, 1990, the plaintiffs' counsel repeated the demands of the letter dated July 16, 1990, and additionally requested the production of all closing papers relating to the sale of the premises in 1987. In a response dated October 25, 1990, the defendant stated that all documentation regarding insurance policies had been previously provided. As to the plaintiffs' remaining requests, the defendant responded that the documents in question were either not discoverable in the action or not discoverable at that time. In addition, the defendant served a demand dated October 25, 1990, which requested that the plaintiffs provide various medical authorizations, on the ground that the plaintiffs had previously only provided photocopies of the authorizations in question.

In or about April 1991, the plaintiffs made the subject motion to strike defendant's answer and for leave to file a note of issue for an assessment of damages. In a supporting affirmation, counsel for the plaintiffs stated that the defendant had failed to produce (1) any and all documents maintained by counsel regarding the cancellation of insurance, including the names and addresses of all brokers who issued liability insurance and any information regarding coverage at the time of the accident, (2) authorization to obtain any records filed by the defendant with the State of New York pertaining to licenses from the New York State Department of Health or related agencies, (3) authorization to obtain the defendant's income tax returns for the years 1983, 1984, and 1985, (4) authorization to obtain corporate records filed with the Secretary of State, (5) authorization to obtain any and all bank account records maintained by the defendant for 1985, (6) authorization to obtain the personal bank records for the president of the defendant corporation, (7) authorization to obtain any and all records pertaining to liability insurance in the possession of the defendant's former legal counsel, and (8) authorization to obtain a copy of the report for the fire which allegedly occurred in 1987 which was responsible for destroying any undisclosed records of liability insurance. Counsel further alleged that the defendant had failed to comply with prior orders of the Supreme Court regarding disclosure, and

that plaintiffs were severely prejudiced by the defendant's delay.

The defendant opposed the motion on the basis that all information regarding liability insurance had been provided in August 1990. The defendant also cross-moved, *inter alia,* to strike those portions of the plaintiffs' discovery demands which sought access to the finances of the defendant corporation and its principal on the ground that such information was not subject to disclosure in this action, and to strike the complaint on the ground that the plaintiffs had failed to provide requested medical authorizations.

In the order appealed from, Supreme Court, in relevant part, granted the motion and cross motion to the extent of directing the defendant's officers, directors, employees or otherwise authorized persons to provide the plaintiffs' counsel with "any and all information concerning the cancellation of liability insurance". In addition, the court directed the defendant to provide "duly executed authorizations to obtain any records filed by the defendant corporation with the State of New York regarding licenses from the Department of Health or affiliated agencies; provide plaintiff's *[sic]* counsel with a duly executed authorization to obtain any and all records pertaining to liability insurance held by defendant corporation in the possession of * * * prior attorneys for the defendant * * * provide plaintiff's *[sic]* counsel with the records of the sale of the premises, including but not limited to real property tax records, adjustment sheet, and copy of the contract and deed to new owners; provide plaintiff's *[sic]* counsel with copies of any and all repair and maintenance records for the location of the accident, and to forward a copy of any and all contracts between the defendant and any other parities *[sic]* relating to work being carried out at the location of the accident".

The court further ordered that "[i]n the event any of this information is not known or available the defendant shall submit the names and addresses of all corporate officers and directors of the defendant corporation for the time of the accident, along with affidavits from these officers and directors so stating said information is unattainable or unavailable". Finally, the court ordered that in the event the defendant did not comply within 30 days, the defendant's answer would be stricken and the plaintiffs permitted to file a note of issue for an assessment of damages.

Documents sought to be discovered must be specified with "reasonable specificity" (CPLR 3120 [a] [1] [i]). The plaintiffs'

requests for "any and all" documentation of, *inter alia,* liability insurance, are therefore improper *(see, Jonassen v A.M.F., Inc.,* 104 AD2d 484).

Moreover, the record indicates that the defendant produced all available documentation of liability insurance coverage in August 1990. The documents provided contained the names and addresses of both the insurance company and the broker. The defendant thereafter indicated on multiple occasions that all available documents had been provided. I see no reason to question the defendant's veracity in this regard, because the defendant stands to gain nothing from concealing the existence of liability insurance. I therefore find no basis for directing the defendant to provide either documentation of insurance or authorization to release any such documents from prior counsel *(see, McClosky v Long Is. Hockey Club,* 37 AD2d 631). Nor do I find reason to compel disclosure of records of the sale of the premises, which the plaintiff contends might contain information concerning liability insurance coverage.

In addition, there is no need to compel disclosure of records filed with State agencies, as such are public documents available to all of the parties *(see,* Public Officers Law art 6; 10 NYCRR 50-1.6; 19 NYCRR part 80; *Matter of Beryl,* 118 AD2d 705, 707).

For the foregoing reasons, I would reverse the order of the Supreme Court insofar as appealed from, and deny the plaintiffs' motion.