■ G & F COPY CORPORATION et al., Respondents, v DELSON BUSINESS SYSTEMS, INC., Appellant. [619 NYS2d 954] —In an action, *inter alia,* to recover damages for breach of contract and conversion, the defendant appeals from an order of the Supreme Court, Nassau County (Saladino, J.), entered November 18, 1992, which denied its motion to strike the plaintiffs' notice of discovery and inspection.

Ordered that the order is affirmed, with costs, and the defendant's time to respond to the notice of discovery and inspection is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

The information sought in the plaintiffs' notice of discovery and inspection was material and necessary to the prosecution of their causes of action *(see,* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). Bracken, J. P., Miller, Santucci and Altman, JJ., concur.

Copertino, J., concurs in the result, with the following memorandum: This action arose from the alleged breach of an agreement whereby the defendant agreed to pay the plaintiff G & F Copy Corporation (hereinafter G & F) a percentage of

the proceeds of all sales of copier equipment, parts, and supplies resulting from a list of G & F accounts provided to the defendant by the plaintiffs. Prior to the commencement of this action over alleged violations of the agreement, the principal of G & F, the plaintiff Gerald Stuckelman, pleaded guilty to forgery in the third degree in satisfaction of an information charging him with forgery of a check drawn on the defendant's account. During the course of discovery, the plaintiffs served a notice for discovery and inspection seeking, *inter alia*, a list of all payments by the defendant to the plaintiffs during the five-year period relevant to the action, copies of all checks and/or receipts for those payments, identification of every lead furnished to the defendant by the plaintiffs, including the name and address of the company, the identity of the contact person, and the date the lead was provided, details of every transaction resulting from the identified leads, including contract dates, delivery dates, and identification of each and every item by model and serial numbers, and descriptions, the cost and total selling price for each identified transaction, copies of dealer price lists provided to the defendant by certain copier manufacturers for the five-year period in question, copies of any agreements for quantity purchases from any manufacturers and distributors that provided goods to the defendant during the period in question, copies of all payroll printouts, receipts, check stubs, and checks made payable to and/or received by the plaintiffs, and a list of every volume, cash or promotional discount, advertising allowance, and free options with purchases of machines by the defendant from certain copier manufacturers. In essence, the plaintiffs requested the details of every purchasing transaction of any significance by the defendant.

The defendant moved for a protective order on the ground that the plaintiffs' demand was improper, overbroad, burdensome, and oppressive. The Supreme Court denied the motion and directed the defendant to respond within 45 days.

While I agree that the decision of the Supreme Court cannot be viewed as an improvident exercise of its broad discretion *(see, Dunsmore v Paprin,* 114 AD2d 836), I concur separately to suggest that this is an appropriate case for the appointment of a Referee to supervise discovery proceedings. Demands such as the plaintiffs', which are not only voluminous but also subject to varying interpretations as to their scope, inevitably lead not only to motions for protective orders, but also to motions to compel compliance *(see,* CPLR 3214), and for penalties for noncompliance *(see,* CPLR 3126).

Such applications devour the resources of an already overburdened judicial system.

The CPLR provides that the court may appoint a Referee, either *sua sponte* or on motion of the parties *(see,* CPLR 3104 [a]). By doing so, the court in which an action is pending can avoid the time-consuming task of reviewing demands such as the plaintiffs, yet rest assured that the matter is receiving the attention which is required. The court then need only become directly involved when a party seeks review of an order of the Referee *(see,* CPLR 3104 [d]). The cost of the Referee can be taxed as disbursements in the action *(see,* CPLR 3104 [b]; 8301 [a]). Alternatively, a Judicial Hearing Officer may be designated as a Referee *(see,* CPLR 3104 [b]).

The prospect that a discovery demand will be closely scrutinized by a Referee may discourage a party from making future requests which are frivolous, harassing, or unnecessarily and overly burdensome, and may result in the preservation of judicial resources at both the trial and appellate levels. The appointment of a Referee appears particularly appropriate in this case, where the record indicates that there was considerable hostility between the parties before the action was commenced *(see, Lowitt v Korelitz,* 152 AD2d 506; *Capoccia v Borgnano,* 126 AD2d 323, 328). While I cannot, as stated, conclude that the Supreme Court's disposition of the subject matter was improvident, I also believe that, in a case such as this, everyone connected with the action would benefit from the supervision of disclosure by a Referee.