Lawrence H. Cooke, J.
Plaintiffs move to examine defendants before trial as to certain stated matters and that said defendants be examined separately and not in the presence of each other. Defendants cross-move to examine plaintiffs Marion R. Shepherd and Dorothy R. Soward.
Rule 129 of the Rules of Civil Practice provides in part: ‘ ‘ On the oral examination of a person whose testimony is to be taken by deposition, either within or without the state, the oral examination shall be conducted in the same manner as on the trial, except that an objection to any question need not be noted, and may be raised upon the trial, unless it be an objection to form only, which must be noted.” While sequestration of witnesses on a trial may be granted in the trial court’s discretion (Capitol Cab Corp. v. Anderson, 194 Misc. 21, 23, affd. 197 Misc. 1035); this rule does not apply to a party who has a right to be present at all times (Leed v. Joshua, 72 N. Y. S. 2d 3). Since the exclusion of a party on a trial would not be proper, it will not be ordered on the examination before trial.
The cross motion seeks to examine one plaintiff who resides in Virginia and another residing in Florida. It appears here that the relative weight of the necessity for an examination before trial as against the expense and inconvenience of attending the examination justifies the denial of the cross motion of defendants, without prejudice to an application to take depositions by written interrogatories or open commissions (Honig v. Edlill Realty Co., 282 App. Div. 796; Winston v. Bendix Home Appliances, 281 App. Div. 1047).
Motion of plaintiffs to examine defendants granted without provision that defendants be examined separately. Cross motion of defendants denied without prejudice to an application to take depositions of plaintiffs Shepherd and Soward by written interrogatories or open commissions.