Roger T. Cook, J.
Briefly, this is an action brought by the plaintiff-executrix alleging a conspiracy to defraud plaintiff *812 from rightful control and ownership of stock in the codefendant Superior Engraving. Co., Inc. Plaintiff contends that prior to the commencement of this litigation she, as executrix of the estate of her father, Girard A. Dietrich, owned 50% of Superi- or’s stock; that the corporation, through the individual defendants, called a meeting of the board of directors which was then composed of the plaintiff and two of the individual defendants; that the board elected the third individual defendant to fill the vacancy created by the death of the plaintiff’s father; that thereafter the three individual defendants did agree to sell to themselves and two other employees one share each of treasury stock; that the plaintiff’s offer to purchase five additional shares of treasury stock was denied.
As part of the ensuing litigation, on December 4, 1970 the defendants Robert H. Marien, August L. Marien and Edward G. Marien appeared at the offices of the plaintiff for an examination before trial pursuant to a notice originally dated May 5, 1969. The testimony of the plaintiff had already been taken and completed recently pursuant to a notice originally dated July 30, 1968. Both sides experienced difficulty in attempting to schedule and conduct the examinations before trial of opposing parties. Again, on December 4,1970, the examination before trial did not proceed past the swearing in of the first defendant to testify and both attorneys proceeded immediately to Special Term.
The difficulty arises out of a request by the plaintiff’s attorney that the defendants be examined separately, which procedure is opposed by the defense, and a counter-request by the defense that supervision of the examination before trial be granted pursuant to CPLR 3104 (subd. [a]). Special Term referred this matter to the Honorable Carman Ball, Calendar Justice of the Supreme Court, who referred the matter to this court.
The nature and extent of supervision is to be determined by the supervising Justice and it is this court’s opinion that full supervision of this pretrial disclosure proceeding does not appear warranted at this time. As one commentator notes, “ Courts can ill afford to assign their judges to supervise at the disclosure sessions * * * [and] it would take an unusual case, with relatively large sums or numerous parties involved, to invoke it ” (full supervision) (David D. Siegel, Practice Commentaries, McKinney’s Cons. Laws of N". Y., Book 7B, CPLR 3104, p. 338). In addition, a showing of why full supervision is necessary or would be helpful has not been made.
*813 However, in accordance with the flexible design of CPLR 3104, this court will maintain continuing jurisdiction over the examination before trial and all further applications for rulings in connection with it shall be made returnable here. The court will consider future applications for full supervision by either side in the event further problems develop.
The plaintiff seeks the right to examine each defendant separately. The defendant opposes this procedure, citing Shepherd v. Swatling (36 Misc 2d 881) and Leed v. Robert Joshua, Ltd. (72 N. Y. S. 2d 3) in support of the rule that the right to exclude witnesses does not apply to a party, who has a right by reason of his direct interest to be present at all times.
It is the opinion of this court that the rule does not apply to the facts and circumstances of this examination before trial. The court may make such order limiting or regulating a disclosure device as “ shall be designed to prevent unreasonable * * * disadvantage, or other prejudice to any person or the courts.” (CPLR 3103, subd. [a].) The facts of this action show that the three brothers who are named as individual defendants have apparently identical interests, and are represented at the subject examination before trial by the same attorney. To allow one to testify while the other two listen, under the facts and circumstances of this case, would be to put the plaintiff at an unfair disadvantage by denying to her the right to obtain the spontaneous and untainted testimony of each individually. “ The purpose of [pretrial] disclosure * * * is to advance
the function of a trial to ascertain truth and to accelerate the disposition of suits.” (Rios v. Donovan, 21 A D 2d 409, 411.) These ends are best achieved when disclosure is viewed, not as a trial in miniature with all the attendant, necessary evidentiary restrictions, but rather as a prelude to trial designed to avoid its necessity.
The examination before trial is ordered to proceed as directed.