# (December 30, 1982)

■ HUGH LUNNEY, Appellant, v SARA GRAHAM, as Administratrix of the Estate of SAM GRAHAM, Deceased, Respondent, et al., Defendants. (Action No. 1.) SARA GRAHAM, as Administratrix of the Estate of SAM GRAHAM, Deceased, Plaintiff, v HUGH LUNNEY, Defendant. (Action No. 2.) — Judgment, Supreme Court, Bronx County (Ostrowski, J.), entered November 17, 1981, after a nonjury trial, awarding defendant Graham $43,231.37, is unanimously reversed, on the law and the facts, and the case remanded for a new trial, with costs to abide the event. Plaintiff Hugh Lunney (Lunney) purchased a restaurant for $77,000 from defendant Samuel Graham, now deceased. After the closing Lunney still owed $38,077.56 of the purchase price, which he agreed to pay in four promissory notes. Subsequent to this closing agreement, Lunney

informed the seller that a computation error had been made and his liability should be less. The seller did not agree. Lunney then sued for reformation of the contract and defendant Samuel Graham's estate responded by suing Lunney on the unpaid promissory notes. The two actions were consolidated for trial. In this four-witness trial, plaintiff Lunney's case, in essence, consisted of testimony by himself and his lawyer, Robert J. Connolly (Connolly) — who represented him in the purchase of the restaurant. At the beginning of the trial, counsel for the parties stipulated to the exclusion of witnesses; but, counsel did not stipulate to Lunney's exclusion. The first witness for Lunney was Connolly, who started his direct testimony shortly before the court adjourned for the day. The next morning Connolly was delayed in arriving in court since he was then incarcerated. In order not to delay the trial, at the trial court's suggestion, Lunney's counsel placed plaintiff on the stand. The trial court made it clear to counsel that when Connolly arrived Lunney's testimony would be interrupted and Connolly would return to the witness box. During this colloquy between the court and plaintiff's counsel, at no time did the court warn counsel that if Lunney did not complete his testimony he would be excluded for the rest of Connolly's testimony. Later in the morning Connolly arrived. Thereupon the trial court, over counsel's objection, excluded Lunney, who had not finished his testimony. Connolly completed his testimony, which consumed more than a quarter of the entire trial. Trial court's only reason for sending Lunney out of the courtroom was the stipulation concerning witnesses generally. In examining this record, we find that the trial court abused its discretion in excluding Lunney. In the absence of express waiver or unusual circumstances, a party has a constitutional right to be present at all stages of a trial (NY Const, art I, § 6; *Matter of Daniel A. D.*, 66 AD2d 728, 733, revd 49 NY2d 788; *Carlisle v County of Nassau*, 64 AD2d 15; *Ajaeb v Ajaeb*, 276 App Div 1094, affd 301 NY 605; Richardson, Evidence [10th ed], § 461). Thus, we reverse and remand for a new trial. Concur — Murphy, P. J., Ross, Bloom, Lynch and Kassal, JJ.