■ JOHN E. SWIERS, Respondent, v P & C FOOD MARKETS, INC., Appellant, and JAMES BROWN, Respondent. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered August 24, 1982 in Saratoga County, which granted plaintiff's motion for an examination before trial of defendant James Brown at which the witness Stephen Middleton would be excluded and of Stephen Middleton at which defendant James Brown could be present. In this action for slander, pretrial depositions of defendant James Brown and witness Stephen Middleton, an employee of the corporate defendant P & C Food Markets, Inc. (P&C), were scheduled for July 19, 1982. On that date, plaintiff's attorney requested that Brown and Middleton leave the room during each other's examination. When the attorneys for defendants objected and refused to comply, plaintiff brought the instant motion at Special Term for separate examinations of Brown and Middleton. Special Term granted plaintiff's motion as to defendant Brown, but not as to Middleton: Middleton was to be excluded from defendant Brown's examination, but defendant Brown could

be present at Middleton's examination. Defendant P&C has appealed. Given appropriate facts and circumstances a court may exclude a party from a pretrial examination (*Matter of Diane B.,* 96 Misc 2d 798; *Schwartz v Marien,* 65 Misc 2d 811, 813, affd 36 AD2d 1027). Therefore, a fortiori, a court may in its discretion exclude a nonparty witness. P&C's allegation that Middleton must be treated as a party because he is an employee of P&C misconstrues CPLR 3101 (subd [a], par [1]). This section merely means that for purposes of disclosure, where a party is a corporation, the additional showing required for disclosure from a nonparty witness (see CPLR 3101, subd [a], pars [3], [4]) does not apply to the corporate party's employees (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101:19, p 21). The allegedly slanderous remarks at issue here were stated in the presence of Middleton. It is thus not unreasonable for plaintiff to have the right to Middleton's spontaneous testimony, uncolored by the testimony of defendant Brown. Since plaintiff's attorney has stipulated that the attorney for defendant P&C can be present at the examination of defendant Brown, defendant P&C's interests and legal rights will be adequately protected. Defendant has failed to show any abuse of the court's broad discretion in supervising disclosure (see *Capitol Hill Twin Towers Corp. v Apcoa Div., ITT Consumer Servs. Corp.,* 45 AD2d 777). Accordingly, the order should be affirmed. Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.