■ In the Matter of the Estate of PETER P. CZACHOR, Deceased. EDWIN S. GAWLAK et al., Respondents; JOSIE SOKALSKI, as Executrix of PETER P. CZACHOR, Deceased, Appellant.—
Weiss, J. Appeal from an order of the Surrogate's Court of Montgomery County (Catena, S.), entered April 9, 1987, which, *inter alia,* denied respondent's motion to conduct separate oral depositions of petitioners.

In this probate proceeding, petitioners have filed a claim against decedent's estate in the amount of $20,585 for personal services they allegedly rendered on behalf of decedent from April 1985 through July 25, 1986. Petitioners maintain that these services were performed in consideration of decedent's promise to compensate them in his will. The bulk of the estate was actually bequeathed to decedent's sister and no provision was made for petitioners. The sole issue on this

appeal is whether Surrogate's Court properly denied respondent's motion to compel separate oral examinations of the two petitioners. Surrogate's Court reasoned that since the examination rules at trial pertain, it would be improper to exclude a party from an examination before trial *(see,* CPLR 3113 [c]; *see also, Shepherd v Swatling,* 36 Misc 2d 881).

We reach a different conclusion, for under appropriate circumstances, a court may exclude a party from a pretrial deposition *(see, Swiers v P & C Food Mkts.,* 95 AD2d 881; *Schwartz v Marien,* 65 Misc 2d 811, 813, *affd* 36 AD2d 1027; *cf., Shepherd v Swatling, supra).* Here, petitioners' interests are virtually identical and each is represented by the same attorney. With these circumstances prevailing, to allow each petitioner to testify in the presence of the other would clearly work an unfair advantage in their favor. While trial courts are vested with broad discretion in supervising disclosure, in the interest of preserving respondent's right to the spontaneous, uncolored testimony of each petitioner, we find that separate depositions are in order *(see, Swiers v P & C Food Mkts., supra; Schwartz v Marien, supra).* Therefore, the order should be modified accordingly.

Order modified, on the facts, with costs to respondent, by reversing so much thereof as denied respondent's motion for separate oral depositions of petitioners; grant motion to that extent; and, as so modified, affirmed. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.