OPINION OF THE COURT
Henry W. Lengyel, J.
Both parties submitted on their motion and cross motion papers.
Claim No. 77215 sounds in the torts of false arrest, assault *1080 and battery, and malicious prosecution arising from an incident which occurred on February 24, 1988. Issue was joined on or about August 5, 1988.
On August 18, 1988, claimant’s counsel served a "Notice To Take Deposition” of two named New York State Troopers on September 6, 1988; and, on August 26, 1988, defendant’s counsel served a "Cross-Notice of Examination Before Trial” of the claimant to be held on October 7, 1988.
CPLR 3106 (a) provides that "After an action is commenced, any party may take the testimony of any person by deposition upon oral or written questions. Leave of the court, granted on motion, shall be obtained if notice of the taking of the deposition of a party is served by the plaintiff before that party’s time for serving a responsive pleading has expired”. As stated by David D. Siegel in the Supplementary Practice Commentaries relating to the 1984 amendment to CPLR 3106 (a) "the purpose of this awkward provision, as prior Commentaries show, was to establish as a general rule that the defendant should be able to depose the plaintiff before the plaintiff could depose the defendant” (McKinney’s Cons Laws of NY, Book 7B, 1989 Supp Pamph, at 225). Thus, as the defendant in a Court of Claims action must serve its answer within 40 days of service of the claim (Uniform Rules for Trial Courts, 22 NYCRR 206.7), the defendant can control priority of examination by notice during that 40-day period. However, if defendant serves its responsive pleading within that 40-day period without also serving its notice of deposition, it loses its opportunity to control priority which, once issue is joined, devolves upon the party that serves the first notice (see, Bucci v Lydon, 116 AD2d 520, 521; Samuels v Hirsch, 12 AD2d 823); and, in the claim at bar, that was the claimant.
Counsel eventually stipulated that the examinations would be held at claimant’s counsel’s office on October 7, 1988 at 11:00 a.m. Unfortunately, however, because of the intransigence of defense counsel the examinations were not conducted, even though both counsel, the three persons scheduled to be deposed, and a reporter were present. Both counsel’s statements on October 7th were transcribed as follows:
"me. scheer: I have, pursuant to your Notice, brought Troopers James Cappellino and Angelo Sblendorio.
"mr. picco: We are here this morning ready to proceed. It is approximately twenty-five after eleven. Mr. Scheer requested that my client be examined first. I indicated to him at that *1081 time that we Noticed the State first, to examine the troopers pursuant to Notice first.
"Mr. Scheer then requested that my client not be present in the room during the examination of the troopers. I advised Mr. Scheer, Mr. Kuler was a party to the action and that this, indeed, is a civil action and that in my opinion, my client is entitled to be present during any of the various proceedings held pursuant to this case.
"Mr. Scheer then advised me- that if my client was to be present during my examination of the troopers, that he refused to conduct the examination and would not let his clients be deposed, if — * * * my client remained in the room.
"At this time, I would ask the Assistant Attorney General to indicate to me under what provision of the Court of Claims Act or the CPLR that he is refusing to have his client deposed with my client present in the room.
"mr. scheer: Numerous case law, which indicates that in a pretrial proceeding, such as now, the claimant need not be present with the type of case that we have and the feelings of the accused, I do not believe it’s in the best interest of the parties to have Mr. Kulers present at this pretrial proceeding.
"I stand ready, willing and able to examine Mr. Kulers with you and I and the court reporter present. For the examination of the troopers, who I have produced, it will be without the presence of Mr. Kulers.
"mr. picco: I will make an appropriate motion to the Court, that the court order an examination pursuant to the provision of the CPLR and allowing my client to be present in the room during the course of the examination of the troopers.
"And I will further be asking the Court for costs of this transcript, along with costs of the motion, which will be made.
"mr. scheer: I wish to point out pursuant to the Court of Claims act, there is no costs in the Court of Claims, but you are entitled to make whatever application you wish. * * * I am here today, and I am making a formal request of you that I examine Mr. Kulers at this time, pursuant to my Cross Notice. Will you make Mr. Kulers available for my examination before trial of him at this time?
"mr. picco: The answer to that question is no. And the reason is that the Notice served by this office on the Attorney General is dated August 17th, 1988 and although the Assistant Attorney General has requested that Mr. Kulers be examined, the priority of the Notice is such that the claimant *1082 here is entitled to examine first and since that is not being permitted by the Assistant Attorney General, nor will my client be examined, and an appropriate order of Notices will be maintained”.
Claimant’s counsel then brought the motion here being discussed. In his affirmation, he advised that at no time prior to October 7th had the defense counsel indicated that he would not allow the claimant to be present; and that he had no cause to believe the State’s attorney would espouse such a condition precedent to the pretrial examination. He further stated that, in his opinion, there was nothing in the behavior or demeanor of the two uniformed State Troopers or his client to "render defense counsel’s remarks either plausible or justified”. He pointed out that the examinations were to be conducted in a law office in the presence of attorneys and other professionals and he thought the "parties appeared perfectly civil and dignified”.
As set forth above, the Assistant Attorney-General stated that there was "Numerous case law, which indicates * * * the claimant need not be present” (emphasis added) at a pretrial proceeding involving the questioning of witnesses. However, in his "Cross-Motion, CM-39611” for an order compelling the claimant to appear for an examination before trial and also in opposition to claimant’s motion, he did not cite any of the "numerous case law” which he thought supported his position; nor did claimant’s counsel draw any case law to my attention. Possibly defense counsel did not do so because common sense would dictate that there was not a "need” for the claimant to be present when defendant is examined. Certainly, if claimant does not choose to be present, he is not required so to be. However, here he chose to be but defense counsel denied him that option which, in my opinion, is a right that cannot be abrogated except for overriding reasons (cf., Schwartz v Marten, 65 Misc 2d 811, affd 36 AD2d 1027); and defense counsel’s feeling, expressed in CM-39611, that "because of the nature of the claim and the obvious antagonism of the claimant and attorney [which does not show through in any of the papers before me] an examination before trial with the claimant present in this small room would not be conducive to the type of examination that should be conducted”, is certainly not such an overriding reason. It was written by Judge Titone (now Associate Judge of the Court of Appeals) in Carlisle v County of Nassau (64 AD2d 15, 18, mot to dismiss appeal granted 45 NY2d 965) that:
*1083 "A party to a civil action not in default is entitled to be present in the courtroom and be represented by counsel at all stages during the actual trial of the action. This does not mean that it is essential to the jurisdiction of the court that parties be present at all times during the trial, but simply that this right cannot be denied them * * *.
"The basic right of a party to be present at all stages of a trial has even been held to apply to an examination before trial of a person within or without the State (Shepherd v Swatling, 36 Misc 2d 881 * * *)”. (See also, Lunney v Graham, 91 AD2d 592, 593; Matter of Westchester Rockland Newspapers v Marbach, 66 AD2d 335, 338; Cavuoto v Smith, 108 Misc 2d 221, 223; People v Gaines, 144 AD2d 941.)
The Assistant Attorney-General also advised claimant’s counsel, when he stated that he would be asking for costs, "there is no costs in the Court of Claims, but you are entitled to make whatever application you wish”. Mr. Scheer reiterated in his cross motion affidavit that "There are no cost disbursements in the Court of Claims in non-appropriation claims”. The Assistant Attorney-General was incorrect in his evaluation of the Court of Claims Act which reads at section 27: "Except as provided in section 701 of the eminent domain procedure law and sections 3126 and 8303-a of the civil practice law and rules, costs, witnesses’ fees and disbursements shall not be taxed, nor shall counsel or attorney’s fees be allowed by the court to any party”. We are, of course, here concerned with the exception created by the inclusion of CPLR 3126 within section 27 of the Court of Claims Act by Laws of 1984 (ch 183). The judiciary memorandum in support of chapter 183 was drafted by the Office of Court Administration and may be found in 1984 McKinney’s Session Laws of NY, at 3862. In pertinent part that memorandum reads as follows:
"This bill would amend section 27 of the Court of Claims Act to provide that the statutory prohibition against the taxing of costs, witnesses’ fees and disbursements, and the allowance of counsel or attorney’s fees to a party in the Court of Claims shall not apply to circumstances provided for in CPLR 3126 (penalties for refusal to comply with order or to disclose).
"The purpose of the proposed amendment to Section 27 of the Court of Claims Act is to permit the Court to levy a monetary sanction in lieu of the more drastic remedy of *1084 dismissing a claim or granting summary judgment. Such sanction would be levied on an attorney for failure to comply with the procedural requirements of the CPLR and the Court of Claims Act and Rules, particularly when such conduct causes unnecessary delays and is wasteful of the time of the Court and opposing counsel. * * *
"While judges of the Court of Claims have attempted to impose monetary sanctions to enable the Court to control and intelligently supervise practice, the Appellate Division in Spickerman v. State of New York, 85 AD2d 60 (1982), held that an award of attorneys’ fees or a monetary sanction against an attorney is expressly prohibited by section 27 of the Court of Claims Act. The object of the proposed legislation is to permit sanctions to be imposed against the defaulting attorney and in favor of the aggrieved attorney or party who has been put to unnecessary expense in protecting a party’s rights. Such levy of a monetary fine would penalize the defaulting attorney rather than the party”.
It was pointed out in Weinstein-Korn-Miller (vol 3A, NY Civ Prac |f 3126.14) that "In order to avoid the harsh penalties imposed by CPLR 3126, and to further the general policy that controversies should be disposed of on the merits, the courts have adopted alternative solutions to the penalties set forth in the statute. As a compromise between imposing the prescribed penalties and merely issuing a warning in the form of a conditional order of dismissal * * * without a meaningful monetary penalty, many court [sic] have coupled a conditional order with payment of disbursements, motion costs and counsel fees by the offending party. Where the willful disobedience is attributable to counsel, as opposed to the party [the situation here being considered], courts have imposed monetary sanctions — including an award of the opposing party’s attorney’s fees — directly upon counsel, in lieu of the harsh sanction of dismissal of the client’s claims or defenses”. (See also, River Park Assocs. v Meyerbank Elec. Co., 116 AD2d 709, 710; Renford v Lizardo, 104 AD2d 717.)
It was written in Gabrelian v Gabrelian (108 AD2d 445, 448, appeal dismissed 66 NY2d 741): "it is now well settled that monetary sanctions may be imposed pursuant to CPLR 3126 as a penalty for refusal to comply with an order of discovery or a refusal to disclose (see, e.g., Renford v Lizardo, 104 AD2d 717; Thadford Realty Co. v L. V. Income Props. Corp., 102 AD2d 823; Everin v Greyhound Elevator Corp., 97 AD2d 832; *1085 Jordan v Huntington Hosp. Assn., 40 AD2d 870). Although this statute does not expressly provide for financial penalties, it does indicate that the list of specific sanctions contained therein (i.e., resolution of issues against the refusing party, preclusion, staying proceedings, striking pleadings, dismissing actions, and rendering default judgments) is not exclusive (see generally, 3A Weinstein-Korn-Miller, NY Civ Prac If 3126.14; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3126:ll, pp 653-654), and the court may make such orders 'as are just’ in further compliance (CPLR 3126)”. (See also, Karutz v Chicago Tit. Ins. Co., 112 Misc 2d 815 [App Term, 2d Dept]; Matter of Gretka [General Acc. Group], 100 Misc 2d 170; cf., Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1; Formato v Dix, 140 AD2d 302.)
Although not germane to the matter at bar, counsel should be aware that on and after January 1, 1989 pursuant to new part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR) the powers of trial courts, including the Court of Claims, to award "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part” (22 NYCRR 130.1 [a]) has been substantially enlarged and strengthened. Frivolous conduct has been defined as that being
"completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; or * * *
"it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another”. (22 NYCRR 130.1 [c] [i], [ii].)
In the matter at bar, claimant’s counsel has not demanded a conditional order containing some of the penalties he may well have been entitled to under CPLR 3126. He has merely demanded that he be reimbursed for the stenographer’s charge which he had to pay because the stenographer was present at his request. This, of course, was payment without receiving any meaningful product in return. He also has demanded that he be paid a reasonable attorney’s fee for three hours lost in reviewing files, preparing his client and having the altercation with Mr. Scheer; and for two hours spent in researching and writing the various motion papers relating to this situation. He also demanded that I establish a *1086 set time and order for the examinations to be held herein; a time which will be substantially delayed because of the Assistant Attorney-General’s conduct which, in my opinion, was willful beyond reason and equated with frivolous conduct; and I so find. It was completely without merit in law or fact. The reasons given for not proceeding, i.e., a "small smoke-filled room for use in examinations [and] * * * the nature of the claim and the obvious antagonism of the claimant and attorney” were not supported by any factual assertions other than Mr. Scheer’s "feeling”. Such is not enough. Claimant’s counsel advised in his reply affirmation that "defense counsel never saw the room used for examinations before trial [in his office]. We did not get that far”; and also , that there was no conduct or words exchanged that he saw or heard to indicate a clear antagonism. As said counsel wrote in his reply affirmation, "he [Mr. Scheer] cites no words exchanged between them and not a single circumstance to support his contention.”
At my direction, I have been supplied with a paid receipt for the stenographic invoice in the sum of $137.50 and an affirmation relating to the claim for $750 in attorney’s fees. I do not find that counsel is entitled to be paid for the time spent preparing himself and his client for the examination before trial. I do not consider preparation as time lost. I, therefore, disallow three hours of the time claimed. Furthermore, if Mr. Picco had demonstrated the results of legal research which might have been of value or assistance to this court, his claim for another two hours at $150 an hour might have been acceptable. However, other than references to Court of Claims Act §§ 17 and 27 and CPLR 3102, 3113, 3124 and 3126, which I don’t consider research of any moment, no other product resulting from legal research was presented. In my opinion, a reasonable attorney’s fee in the matter at bar for the extra legal services unnecessarily required to be performed because of defense counsel’s conduct would be $150; and I so find.
I hereby levy a monetary fine in the total sum of $287.50 against Assistant Attorney-General Kenneth L. Scheer, personally. I direct that he pay that sum to Attorney Edward J. Picco, personally, within 15 days after service of notice of entry of the order to be filed contemporaneously with this opinion; and in which order this opinion shall be considered incorporated by reference.