■ KENNETH D. HOLMES, Respondent, v JUDITH A. HOLMES, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered February 16, 1989 in Albany County, which, *inter alia,* directed the parties to submit to examinations before trial on all issues except those directly related to the merits and defenses of the divorce action.

This sharply contested action for divorce was commenced in July 1988 with issue being joined a month later. Thereafter, defendant sought to depose plaintiff and an examination before trial for this purpose was scheduled. At the deposition, defendant's counsel began inquiries of plaintiff pertaining to

the merits of the divorce action. At that point, plaintiff's counsel advised her client not to answer any further questions. The examination was then adjourned and plaintiff moved for an order directing defendant to appear at and submit to an examination before trial. Defendant cross-moved for an order compelling continuation of the examination before trial, permitting inquiry into the merits of the action. Supreme Court, *inter alia,* ordered both parties to "appear and submit to Examinations Before Trial on all issues excepting those directly related to the divorce merits and defenses. Those issues may be explored upon written Interrogatories to which plaintiff may, by motion, object * * * by specific inquiry." This appeal by defendant followed.

We affirm. Despite defendant's contentions otherwise, Supreme Court did not impermissibly prohibit defendant from disclosure concerning the merits in this case *(see, Nigro v Nigro,* 121 AD2d 833, 834). Instead, Supreme Court merely determined that disclosure by way of written interrogatories *(see,* CPLR 3130) was the more appropriate course of action. It is well settled that trial courts are vested with great discretion in supervising the disclosure of information *(see, Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915). Here, in light of the considerable antagonism apparent between the parties, Supreme Court reasonably fashioned a remedy that avoids direct confrontation between the parties but still allows disclosure on the merits to continue under the close supervision of the court. Significantly, defendant has failed to articulate any prejudice flowing from Supreme Court's order *(see, Capoccia v Brognano,* 132 AD2d 833). We therefore decline to interfere with that court's exercise of discretion.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.