■ HEATHER NAATZ, an Infant, by RONALD NAATZ, Her Father and Natural Guardian, Appellant, v QUEENSBURY CENTRAL SCHOOL DISTRICT, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 25, 1989 in Warren County, which, inter alia, denied plaintiff's motion for a protective order.

This action stems from an incident occurring on June 12, 1987 when plaintiff, then 15 years of age, was assaulted at school by a fellow student. Plaintiff apparently sustained serious injuries for which she brought suit, through her father, against defendant, alleging essentially that defendant's employees failed to take reasonable steps necessary to prevent the assault or to protect plaintiff against it. Following joinder of issue and the commencement of discovery, plaintiff served a cross notice of examination upon defendant's counsel requesting the oral deposition of four of defendant's employees who allegedly had firsthand knowledge of the incident in question. However, upon the commencement of the depositions, plaintiff's counsel requested that defendant's employees be separated and excluded from hearing each other's testimony. This request was denied by defense counsel and the depositions were immediately concluded. Plaintiff thereafter moved for a protective order directing that the proposed witnesses be deposed in each other's absence. This motion was denied without opinion and this appeal by plaintiff followed.

There must be a reversal. Similar to the situation presented in our decision in Swiers v P & C Food Mkts. (95 AD2d 881), defendant here argues that the employees whom plaintiff wishes to depose are virtual "parties" to this litigation who

should not be excluded from witnessing the testimony of their fellow employees. However, as we noted in *Swiers,* the fact that the employees of a defendant must submit to disclosure pursuant to CPLR 3101 (a) (1) because they are considered to be under the control of their employer does not mean that they must be treated as parties *(see, supra; see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:19, at 21-22). Moreover, even if defendant's employees were to be considered "parties" for purposes beyond their obligation to submit to disclosure, it must be remembered that depositions are not the same as trials and both party and nonparty witnesses can be excluded under appropriate circumstances *(see, e.g., Matter of Czachor,* 137 AD2d 915; *Swiers v P & C Food Mkts., supra; Matter of Diane B.,* 96 Misc 2d 798).

Here, the attorney for defendant will be present during the questioning of each of the witnesses and will be able to adequately protect defendant's interests *(see, Matter of Czachor, supra).* It would clearly give defendant an unfair advantage over plaintiff to allow each witness in this case to testify in the presence of the others *(see, supra).* Trial courts are vested with broad discretion in supervising disclosure *(see, Holmes v Holmes,* 157 AD2d 896). However the record does not state any finding or factor considered by Supreme Court in the exercise of its discretion. Therefore, with only the papers before us, we see no reason not to conclude that separate depositions are in order "in the interest of preserving [plaintiff's] right to the spontaneous, uncolored testimony" of each witness *(Matter of Czachor, supra,* at 916; *see, Schwartz v Marien,* 65 Misc 2d 811, 813, *affd* 36 AD2d 1027).

Order reversed, on the facts, with costs, and motion granted. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.