■ RELATED GUARANTEE CORPORATE PARTNERS, L.P., Formerly Known as AURORA ASSOCIATES, L.P., Appellant-Respondent, v LOUISE DEMBECK et al., Respondents-Appellants, et al., Counterclaim Defendants. RELATED GUARANTEE CORPORATE PARTNERS, L.P., Formerly Known as AURORA ASSOCIATES, L.P., Respondent, v LOUISE DEMBECK et al., Appellants, et al., Counterclaim Defendants. [647 NYS2d 201] —Order, Supreme Court, New York County (Joan Lobis, J.), entered March 15, 1996, which, *inter alia*, barred defendants' real estate attorney from attending any deposition other than his own, and order, same court and Justice, entered May 1, 1996, which, *inter alia*, dismissed plaintiff's third cause of action for breach of the 1982 zoning lot development agreement but otherwise denied defendants' motion for summary judgment, unanimously affirmed, with costs.

The issue in this case, whether defendants fraudulently induced plaintiff to enter into the 1995 settlement agreement by misrepresenting the authenticity of defendant Dembeck's signature, does not involve potentially conflicting interests or other factual or contractual complexities as might warrant the presence of two attorneys at the depositions (*cf., Chemprene, Inc. v X-Tyal Intl. Corp.*, 55 NY2d 900). That defendants' real estate attorney is a potential nonparty witness provides ad-

ditional support for the motion court's exercise of discretion to exclude him from the depositions (*see, Swiers v P & C Food Mkts.*, 95 AD2d 881). Plaintiff's cause of action for breach of the 1982 zoning lot development agreement was properly dismissed in view of the specifically circumscribed definition of "New Building" thereunder, and also because such agreement must be deemed superseded by the 1985 zoning lot development agreement regardless of the outcome of this action. The motion court otherwise properly found issues of fact precluding summary judgment to either side. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Mazzarelli, JJ.