■ Leonor Dátil Perez, Respondent, v Time Moving & Storage, Appellant. [813 NYS2d 411]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 13, 2005, which granted plaintiff's motion to bar a principal of defendant Time Moving & Storage from being present during the deposition of one of its employees, unanimously reversed, on the law, without costs, and the motion denied.

Leonor Dátil Perez commenced this action as plaintiff pro se against Time Moving & Storage (Time Moving) for property damage to her collection of newspapers dating back to the Civil War. According to plaintiff, the collection contains 36 issues which narrate the entire war.

Plaintiff claims that Time Moving endangered the collection, exposing the newspapers to rain because of a delayed pickup. Plaintiff further claims that she was left alone with one laborer and had to help him with loading and pushing dollies because he felt ill. Plaintiff claims to have been damaged in the amount of $3.9 million.

Beginning in October 2004, a series of conferences was held where the parties discussed the discovery schedule. Plaintiff requested that Time Moving's principal and co-owner, Joseph Candella (Candella), be barred from attending her deposition and the deposition of Time Moving's employees. The court ordered depositions to be held at the courthouse and be conducted "with counsels and witness present at time of deposition." The court further instructed that defendant could readdress the request for Candella to be present at plaintiff's deposition prior to that deposition.

In court, on June 16, 2005, plaintiff withdrew her objection to the presence of Candella at her deposition. On June 24, 2005, following plaintiff's deposition, the parties appeared in court again to address the issue of whether Candella could be present during the deposition of one of Time Moving's employees.

Plaintiff argued that he should not be present at the deposition stating: "I feel it's very intimidated [sic] for his employees." She claimed that Candella interrupted during her deposition: "There is a lot of interruption during the depositions where he interferes, writing notes and they go outside to confer about the deposition, and I think it's burdensome for me as a plaintiff to have him, especially when after deposing him I felt he was very misinformed to the point of what I consider very false claims, and I prefer to find out the truth through his employees, by his employees being alone who can look straight in the eyes and tell me the truth and not feel intimidated."

She also informed the court that it was her first deposition. When the court continued to question plaintiff as to why she did not want Candella present at the deposition she stated: "The main reason, Your Honor, is because originally I felt burdensome to have three people and myself in a deposition. I found it disadvantageous for myself, and intimidating for the employees to have all these people planning what they are going to say, especially after the deposition of Mr. Candella. He's continuously interfering and sending notes to him what to question."

The motion court barred Candella from the deposition of defendant's employees, stating: "We have a pro se plaintiff in the presence of the attorney for the defendant and the principal

and the employees. I believe it is not appropriate under these circumstances. I am not certain what exactly would be accomplished for the defendant to have the principal present since obviously there will be a transcript of the testimony and the attorney is present during the deposition to tell the principal whatever testimony his employees gave."

Thus, the motion court barred Candella from appearing at the deposition of his employees. For the reasons set forth below, we disagree and reverse.

At the outset we acknowledge that a corporation cannot appear "in person" when defending a civil action. But examining a corporation's officers or employees is equivalent to an examination of the corporation itself (*Loosnk Bros., Inc. v Mednick*, 246 App Div 464, 466 [1935]). In this case, Candella as principal and co-owner of Time Moving, is effectively a party to the lawsuit (*see American Print. Converters v JES Label & Tape*, 103 AD2d 787, 788 [1984] [error to exclude an officer of the corporate defendant from the courtroom during a portion of the trial, where there were no unusual circumstances]).

CPLR 3113 (c) establishes a party's right to be present at an examination before trial (*see Carlisle v County of Nassau*, 64 AD2d 15, 18 [1978], *appeal dismissed* 45 NY2d 965 [1978]; *Lunney v Graham*, 91 AD2d 592 [1982]). However, pursuant to CPLR 3103 (a) under appropriate circumstances, a court may exercise its discretion to exclude a party from a deposition.

Time Moving asserts correctly however that to exclude a party from a pretrial deposition, a showing of "unusual" circumstances must be met (*Lunney v Graham*, 91 AD2d at 593; *cf. Matter of Czachor*, 137 AD2d 915, 916 [1988] [where one of two petitioners was excluded so that testimony would not be colored by attendance at the deposition of the other petitioner]; *Naatz v Queensbury Cent. School Dist.*, 166 AD2d 866, 867 [1990] [court excluded certain employees from witnessing the testimony of their fellow employees because defendant would have unfair advantage if each witness testified in the presence of other witnesses]).

However, in the case at bar, there is simply nothing to indicate either a compelling necessity for the exclusion of Candella or a waiver of his right to be present as the representative of defendant corporation at the deposition (*see Matter of Radjpaul v Patton*, 145 AD2d 494, 497 [1988] [lack of evidentiary support in the record to justify the exclusion of a party from being present during the cross-examination of a nonparty witness]). Indeed, the motion court's exclusion of Candella, and thus of defendant, appears to be based on nothing more than plaintiff's

conclusory assertion that Candella would intimidate his employees. We find this an insufficient basis for barring a party from a deposition (*cf. Troutman v Washburn*, 197 AD2d 876, 876 [1993] [plaintiff excluded based on an affidavit by a psychiatric social worker stating that he would be "physically and psychologically intimidated by plaintiff"]). Additionally, unlike the situation in *Troutman*, where the witness himself complained about plaintiff's intimidation, here plaintiff is attempting to impute feelings of intimidation to the nonparty employees of defendant. There is no evidentiary basis for the motion court's assumption, evidently rooted in stereotype, that simply because Candella is the boss of the employees to be deposed that his presence will intimidate them. Plainly, such an assumption does not rise to the level of an unusual circumstance (*see Mason v Moore*, 226 AD2d 993, 994 [1996]; *see also Kulers v State of New York*, 141 Misc 2d 1079, 1082 [1988]).

On appeal, plaintiff attempts to clarify and expand her argument. She states: "Candella's behavior charge [*sic*] with venoms against [plaintiff]. His refusal to stop talking extensively with continuous false statements about the facts even when advised that he was perjuring himself during the deposition, besides the insulting verbal abuse from [defense counsel] made their presence burdensome, obstructive and unfair."

Plaintiff further claims that defense counsel made "derogatory statements" against her and his "hatred and aggression against [plaintiff] is very distracting and he terrorized the [plaintiff] during the first two days of the inspection."

While CPLR 3103 (a) allows the court discretion to limit or regulate disclosure devices and proceedings, such discretion must be exercised bearing in mind the rights of all parties (*see e.g. Troutman* 197 AD2d at 876-877). New York law does not afford a pro se litigant additional benefits to the detriment of another party absent a reasonable explanation supported by the record of why such additional benefits are warranted (*see People v El*, 250 AD2d 395, 396 [1998], *lv denied* 92 NY2d 851 [1998]; *see also Lazich v Lazich*, 189 AD2d 750, 753 [1993]).

Finally, the motion court's finding that the presence of Time Moving's counsel at the deposition adequately protects defendant's interest and legal rights is as erroneous as is its conclusion that a transcript is sufficient to prevent undue prejudice. A transcript is a poor substitute for being present to assist counsel at the time of the deposition. Candella's absence would preclude him from educating counsel during the deposition on matters as to which he possesses knowledge superior to that of the attorney. Barring him from attending the deposition would also

prevent him from fully assisting counsel in formulating a trial strategy (*see Carlisle v County of Nassau*, 64 AD2d at 19 ["The attorney is not the alter ego of his client"]). Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.