State of New York
Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 26
Wilfredo Colon, et al.,
        Appellants,
    v.
Willie Martin, Jr., et al.,
        Respondents.

Marshall D. Sweetbaum, for appellants.
Jeremy W. Shweder, for respondents.

FEINMAN, J.:

General Municipal Law § 50-h requires a claimant to comply with a municipality's

demand for a pre-action oral examination before commencing suit against the municipality.

The novel statutory interpretation issue on this appeal is whether a claimant has the right

- 1 -

to observe a coclaimant's section 50-h oral examination over the municipality's objection. We hold that section 50-h provides no such right.

Plaintiff Wilfredo Colon contends that, in January 2015, he was the owner and operator of a vehicle that was rear-ended by a pickup truck driven by defendant Willie Martin, Jr. and owned by Martin's employers, defendants New York City Department of Environmental Protection and the City of New York (the City). Plaintiff Ramona Cordero contends that she was a passenger in Colon's vehicle at the time of the accident. Plaintiffs, who were represented by the same attorney, served defendants with a joint notice of claim, contending that they suffered personal injuries and other damages as a result of defendants' negligence.

Defendants served separate "Notice[s] of 50-h Hearing," advising that, pursuant to General Municipal Law § 50-h, plaintiffs were "mandated by law to appear" and "be orally examined under oath" concerning their allegations before commencing an action. The notices contained unique claim numbers, assigned by defendants, and stated that the hearings would occur consecutively on a specified day.

Plaintiffs appeared for their section 50-h hearings in June 2015. However, their attorney refused to let the hearings proceed unless each plaintiff could be present while the other testified. Defendants rejected plaintiffs' demanded procedure, asserting that plaintiffs' refusal to appear at separate hearings violated the General Municipal Law and the City's policy. Defendants explained that they were "not waiving any right to any hearing" and warned plaintiffs that their position "risk[ed] . . . potential dismissal." Plaintiffs countered that defendants failed to identify any authority for their reading of the

statute other than the City's internal policy. Plaintiffs maintained that they were "not refusing to proceed," but would not go forward unless they could observe each other's testimony. The parties failed to reach an accord, and no section 50-h hearings ever occurred.

Plaintiffs commenced this action against defendants and later moved for summary judgment on the issue of liability. Defendants cross-moved for summary judgment based on plaintiffs' failure to submit to pre-action section 50-h hearings. Plaintiffs opposed defendants' cross motion, arguing that defendants constructively waived their right to the hearings by refusing to conduct them simultaneously. Plaintiffs did not seek, in the alternative, an opportunity to submit to separate hearings. Supreme Court, among other things, granted defendants' cross motion and dismissed the action.

The Appellate Division affirmed Supreme Court's order insofar as appealed from, with two Justices dissenting (see 170 AD3d 1109, 1109 [2d Dept 2019]). The Court concluded that General Municipal Law § 50-h "does not expressly permit nor give the absolute right to a claimant involved in the same alleged incident to be present at or to observe another claimant's oral examination" (id. at 1111). Therefore, because plaintiffs failed "to comply with" the statute, "they were precluded from commencing the instant action" (id. at 1112). Plaintiffs appealed to this Court as of right pursuant to CPLR 5601 (a) on dissent grounds. We affirm.

This Court's "well-established rules of statutory construction direct" that the analysis begins "with the language of the statute" (People v Francis, 30 NY3d 737, 740 [2018] [internal quotation marks and citation omitted]). This is because the "primary

consideration is to ascertain the legislature's intent, of which the text itself is generally the best evidence" (id. [internal quotation marks and citation omitted]; see Matter of Walsh v New York State Comptroller, __ NY3d __, 2019 NY Slip Op 08518, *1 [2019]).  "[A] court should construe unambiguous language to give effect to its plain meaning" (Matter of Walsh, 2019 NY Slip Op 08518, *1 [internal quotation marks and citation omitted]).  "Further, a statute must be construed as a whole and . . . its various sections must be considered together and with reference to each other" (id. [internal quotation marks and citation omitted]).  "[T]he circumstances surrounding the statute's passage" are a useful aid in understanding its meaning (Riley v County of Broome, 95 NY2d 455, 464 [2000] [internal quotation marks and citation omitted]).

"The maxim *expressio unius est exclusio alterius*" applies "in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240; see Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372-373 [2018]).  In other words, the doctrine is an "interpretive maxim that the inclusion of a particular thing in a statute implies an intent to exclude other things not included" (Cruz v TD Bank, N.A., 22 NY3d 61, 72 [2013]).  The maxim "is typically used to limit the expansion of a right or exception—not as a basis for recognizing unexpressed rights by negative implication" (id.).

Under the "last antecedent rule of statutory construction . . . , relative and qualifying words or clauses in a statute are to be applied to the words or phrases immediately

preceding, and are not to be construed as extending to others more remote" (Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594, 608 [2018], rearg denied 32 NY3d 1197 [2019] [internal quotation marks, brackets, and citation omitted]; see McKinney's Cons Laws of NY, Book 1, Statutes § 254). "Thus, the word 'such,' when used in a statute, must, in order to be intelligible, refer to some antecedent, and will generally be construed to refer to the last antecedent in the context, unless some compelling reason appears why it should not be so construed" (McKinney's Cons Laws of NY, Book 1, Statutes § 254, Comment at 418 [1971 ed]).

General Municipal Law § 50-h (1) states:

> "Wherever a notice of claim is filed against a city . . . the city . . . shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions . . . and may include a physical examination of the claimant by a duly qualified physician.  If the party to be examined desires, he or she is entitled to have such examination in the presence of his or her own personal physician and such relative or other person as he or she may elect."

Section 50-h (3) provides: "In any examination required pursuant to the provisions of this section the claimant shall have the right to be represented by counsel."  Section 50-h (5) states: "Where a demand for examination has been served . . . no action shall be commenced against the city . . . against which the claim is made unless the claimant has duly complied with such demand for examination."

As General Municipal Law § 50-h (5) makes clear on its face, compliance with a municipality's demand for a section 50-h examination is a condition precedent to

commencing an action against that municipality (see Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d 481, 484-485 [1st Dept 1986], affd for the reasons stated in App Div mem 69 NY2d 787 [1987]).  A claimant's failure to comply with such a demand generally warrants dismissal of the action (see Davidson v Bronx Mun. Hosp., 64 NY2d 59, 62 [1984]).  Requiring claimants to comply with section 50-h before commencing an action augments the statute's purpose, which "is to afford the city an opportunity to early investigate the circumstances surrounding the accident and to explore the merits of the claim, while information is readily available, with a view towards settlement" (Alouette Fashions, 119 AD2d at 487; see Davidson, 64 NY2d at 62).

Plaintiffs essentially argue that General Municipal Law § 50-h (1) permits a claimant to have their "personal physician" or "such relative or other person" present at an oral examination, and that a coclaimant qualifies as an "other person" under the statute. We disagree.  Section 50-h (1) states that the "examination shall be upon oral questions . . . and may include a physical examination."  It goes on to state that the claimant "is entitled to have such examination in the presence of his or her own personal physician and such relative or other person as he or she may elect" (emphasis added).  Pursuant to the last antecedent rule of statutory construction, the phrase "such examination" in section 50-h (1) refers to the "physical examination," the last examination in the list of examinations contemplated by that provision.  It does not apply to the more remote examination upon oral questions.  Plaintiffs fail to identify any compelling reason to abandon this established rule of construction in this case.

Section 50-h (1)'s legislative history corroborates this result. When the statute was originally enacted in 1958, it permitted, as it does today, a municipality to demand an examination "which examination shall be upon oral questions . . . and may include a physical examination of the claimant by a duly qualified physician" (General Municipal Law former § 50-h [1]; see L 1958, ch 393, § 2). The 1958 statute provided, however, that "[i]f the party to be examined is a female she shall, if she desires, be entitled to have such examination in the presence of her own personal physician and such relative or other person as she may elect" (id.).

In 1976, the legislature amended section 50-h (1) to make the statute gender neutral. The amended statute stated: "If the party to be examined desires, he or she is entitled to have such examination in the presence of his or her own personal physician and such relative or other person as he or she may elect" (General Municipal Law former § 50-h [1]; see L 1976, ch 22, § 1). This language still exists in the current statute. The Law Revision Commission's memorandum explained that the purpose of the 1976 amendment was "[t]o extend to male claimants . . . the right to have their own physician and relative present at physical examinations called for by the municipality" (Mem of Law Rev Commn, Bill Jacket, L 1976, ch 22 [emphasis added]). "If legal safeguards inhere in having one's own physician present at a physical examination bearing on liability, there is no discernible reason for limiting that right to women only" (id. [emphasis added]).

This legislative history makes clear that the legislature intended the oral and physical examinations to be separate undertakings at which claimants are afforded different rights. Consequently, contrary to plaintiffs' argument, the statutory language, legislative

history, and the circumstances surrounding the 1976 amendment all confirm that a claimant

is permitted to bring a personal physician or other person to the physical examination, not

the oral examination.

In addition, considering General Municipal Law § 50-h as a whole, we conclude

that the legislature's chosen statutory scheme provides a municipality the authority to

conduct separate oral examinations of coclaimants.[*] The statute specifically articulates the

persons who may not be prevented from accompanying claimants to oral and physical

examinations.  As explained above, section 50-h (1) sets forth the broad category of persons

that may not be excluded from accompanying claimants to their physical examination.

However, the statute does not grant claimants a similar right to have a broad category of

persons attend their oral examination over the municipality's objection.  Instead, section

50-h (3) permits claimants to have their attorney accompany them to "any" section 50-h

examination, referring to both the oral examination and the physical examination.  No other

person is expressly permitted to attend a section 50-h oral examination when the

municipality objects.  Because section 50-h specifically describes the persons who cannot

be excluded from the statutory examinations, both oral and physical, we infer, under the

*expressio unius* maxim, that the legislature intended to allow municipalities to exclude

persons not listed in the statute from attending those examinations. Concerning section 50-

h oral examinations, in particular, the legislature's decision to grant claimants the right to

---

[*] A municipality need not exercise this authority, and we do not hold that coclaimants are precluded from observing each other's section 50-h hearings in the absence of an objection from the municipality.

have their attorneys attend those examinations, while omitting a similar right to have coclaimants attend, implies that the legislature intended to authorize municipalities to exclude coclaimants from the oral examinations.  We decline plaintiffs' invitation to recognize an "unexpressed right[]" for coclaimants to attend section 50-h oral examinations "by negative implication" (Cruz, 22 NY3d at 72).  Had the legislature intended to allow coclaimants to observe each other's section 50-h hearings over the municipality's objection, "it would have said so in the statute" (id.).

Finally, at Supreme Court plaintiffs never requested an opportunity to submit belatedly to section 50-h hearings.  The request for such relief here is therefore unpreserved for our review.  Plaintiffs' remaining arguments lack merit.  Accordingly, the Appellate Division order should be affirmed, with costs.

Colon v Martin

No. 26

FAHEY, J. (concurring):

The historical roots of General Municipal Law § 50-h, and the advantages it gives to municipalities, are linked to the waiver of sovereign immunity. In light of that waiver, the legislature gave municipalities certain procedural protections, reflecting an underlying

- 1 -

policy of allowing municipalities to promptly investigate a claim.

"[W]hen the State of New York waived its sovereign immunity in 1929, its subdivisions, including the City, also lost their protection from suit" (Campbell v City of New York, 4 NY3d 200, 205 [2005], citing Florence v Goldberg, 44 NY2d 189, 194-195 [1978] ["As a concomitant of the State's waiver of immunity, the governmental subdivisions of the State--its counties, cities, towns and villages--formerly sheltered under the protective cloak of the State's immunity, also became answerable equally with individuals and private corporations for wrongs of officers and employees" (internal quotation marks and citations omitted)]). In recognition of this loss of sovereign immunity, the legislature has created certain protections for municipalities in General Municipal Law article 4 that do not apply to private tort defendants (see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 667 [1976]).

General Municipal Law § 50-h is one such protection. It grants to certain municipal defendants—here, the City of New York—the right to examine the allegedly injured claimant, both physically and orally, "relative to the occurrence and extent of the injuries or damages for which claim is made" (id. § 50-h [1]). A claimant's compliance with a municipality's demand for a physical or oral examination pursuant to section 50-h is a condition precedent to suit (see id. § 50-h [5]). If a claimant nevertheless commences an action despite non-compliance with a demand for a 50-h examination, that action is subject to dismissal.

The purpose of an oral examination conducted pursuant to section 50-h, otherwise known as a "50-h hearing," is to grant municipal defendants a protection that private tort

defendants generally are not afforded: to examine the allegedly injured individual with respect to the claim before an action is commenced (see Davidson v Bronx Mun. Hosp., 64 NY2d 59, 62 [1984]).  The 50-h hearing allows the municipal defendant "an opportunity to early investigate the circumstances surrounding the accident and to explore the merits of the claim, while information is readily available, with a view towards settlement" (Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d 481, 487 [1st Dept 1986], affd for reasons stated below 69 NY2d 787 [1987]).

This Court's statutory interpretation today supports that legislative purpose.  The legislature did not give claimants the right to have any person other than the claimant's attorney present at a 50-h hearing.  The legislative purpose—to enable the municipality to promptly investigate a claim before an action is commenced—is furthered by allowing a claimant to have only those individuals expressly specified by the legislature in attendance at a 50-h examination.  Nowhere in the statute are claimants given the right to have coclaimants attend or observe their testimony at a 50-h hearing.

Contrary to the suggestion in the Appellate Division dissent, the CPLR provisions governing depositions are not instructive in interpreting General Municipal Law § 50-h (see Colon v Martin, 170 AD3d 1109, 1116-1117 [2d Dept 2019] [Duffy, J., dissenting]). The provisions of the CPLR do not apply to 50-h hearings because 50-h hearings are conducted before an action is commenced.[*]  Even assuming, for the sake of argument, that parties have the right to attend depositions during a pending action (but see e.g. Perez v

---

[*] CPLR 3102 (c) allows for "disclosure to aid in bringing an action, . . . but only by court order."

Time Moving & Stor., 28 AD3d 326, 328 [1st Dept 2006], lv dismissed 7 NY3d 862

[2006]; Troutman v Washburn, 197 AD2d 876, 876 [4th Dept 1993]; Naatz v Queensbury

Cent. School Dist., 166 AD2d 866, 867 [3d Dept 1990]; Matter of Czachor, 137 AD2d 915,

916 [3d Dept 1988]; Swiers v P & C Food Mkts., 95 AD2d 881, 882 [3d Dept 1983]), that

principle has no bearing on the interpretation of General Municipal Law § 50-h.  Hearings

conducted pursuant to section 50-h occur before any "parties" to an "action" yet exist.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, with costs. Opinion by Judge Feinman. Chief Judge DiFiore and Judges
Rivera, Stein, Fahey, Garcia and Wilson concur, Judge Fahey in a concurring opinion.

Decided May 7, 2020